The order below is hereby signed.

Signed: July 07, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
REGINALD SEACE,                    )   Case No. 09-00551
                                   )   (Chapter 7)
        Debtor.                    )   **Not for Publication in**
                                   )   **West's Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER DENYING
APPLICATION FOR WAIVER OF THE CHAPTER 7 FILING FEE

The debtor has filed an application for waiver of the chapter 7 filing fee (Dkt. No. 5). For reasons explained in more detail below, the court will deny the debtor's application.

Pursuant to 28 U.S.C. § 1930 as amended by § 418 of the Bankruptcy Abuse Prevention & Consumer Protection Act of 2005, Pub. L. 109-8 (effective October 17, 2005), this court

> may waive the filing fee in a case under chapter 7 of title 11 for an individual if the court determines that such individual has income less than 150 percent of the income official poverty line . . . applicable to a family of the size involved and is unable to pay that fee in installments.

28 U.S.C. § 1930(f)(1).

The debtor's application reflects that he is from a one-

person household and that he currently has a combined monthly income of $3,956.77, or $47,481.24 per annum. This figure is more than 150% of the applicable poverty guideline figure maintained by the Department of Health and Human Services for a one-person household living in the District of Columbia, and the debtor is thus ineligible for waiver.[1] It is thus

    ORDERED that the debtor's application for waiver of the

---

[1] Section 1930(f) specifies that the "official poverty line" figures used for purposes of the chapter 7 fee waiver refer to those "defined by the Office of Management and Budget ["OMB"], and revised annually in accordance with [§] 673(2) of the Omnibus Reconciliation Act of 1981 . . . ." The Judicial Conference of the United States interprets this language to refer to the poverty guidelines maintained annually by the U.S. Department of Health and Human Services ("HHS") because the OMB has never issued poverty guidelines or thresholds. Under the 2009 HHS guidelines, the poverty line for a one-person family living in the District of Columbia is $10,830.00 per year, making 150% of the applicable poverty line $16,245.00. The debtor's stated income exceeds this threshold.

    Upon review of the debtor's application and schedules, the court questions whether the debtor's total combined monthly income is as high as stated. Specifically, the debtor's application states that the debtor has monthly income of $1,556.77, and that his dependents have monthly income of $2,400.00. Accordingly, the debtor has listed his "Total Combined Monthly Income" as $3,956.77. The debtor's application, however, states that the debtor is from a one-person household. Similarly, the debtor's Schedule I states that the debtor is single, and fails to identify any dependents. Even if the court were to disregard the $2,400.00 identified by the debtor as income generated by his dependents (it being unclear that the debtor actually has dependents), that would still leave the debtor with $1,556.77 in monthly income, or $18,681.24 per annum. This amount exceeds 150% of the applicable poverty guideline figure maintained by the Department of Health and Human Services for a one-person household living in the District of Columbia. Thus, if the court were to consider only the debtor's stated monthly income of $1,556.77, the court would nevertheless deny the debtor's application because the debtor's income exceeds the statutory limit for waiver.

chapter 7 filing fee (Dkt. No. 5) is DENIED.

[Signed and dated above.]

Copies to:

Debtor; Chapter 7 Trustee; Office of United States Trustee.